In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2862

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

KEITH A. GARY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:08-CR-30169-001-MJR—**Michael J. Reagan**, *Judge.*

ARGUED JUNE 9, 2010—DECIDED JULY 28, 2010

Before POSNER, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.*   Keith Gary appeals from his sentence for bankruptcy fraud, arguing that the district court failed to give sufficient consideration to his family circumstances. See *United States v. Schroeder*, 536 F.3d 746, 755-56 (7th Cir. 2008) (remanding for further consideration of defendant's extraordinary family circumstances). We conclude that the district court gave the family issue sufficient consideration, as shown by

its efforts to arrange for Gary and his ex-wife to serve staggered prison sentences for their joint crimes. We affirm Gary's sentence.

I.  *The Facts*

Keith Gary and his ex-wife Stacie Gary divorced in 2002, but both remained in the same house taking care of their two children. The Garys' legal troubles began in March 2007, when they filed a joint Chapter 13 bankruptcy petition. Stacie had received a substantial monetary settlement for a workers' compensation claim just days before filing for bankruptcy. The Garys failed to disclose the award in their bankruptcy petition and lied about it while testifying under oath at a later creditors' meeting. After the fraud came to light, both of the Garys were indicted on multiple counts of bankruptcy fraud. Keith pled guilty to three counts for making false statements and taking a false oath. See 18 U.S.C. § 152(2) & (3). Stacie pled guilty to five counts.

In a joint sentencing hearing, the district court sentenced Keith at the bottom of his guideline range to a total of 12 months and 1 day in prison. Stacie had a significant criminal history, and the court sentenced her at the top of her higher guideline range to 21 months in prison. Out of concern for the Garys' two children, who faced separation from both parents, the district court tried to ensure that the two defendants would serve their prison terms in sequence.

In the sentencing hearing, Keith argued for a below-guideline sentence, either limited to probation with a condition of home confinement or a split sentence combining no more than five months in prison followed by five months of home confinement. He argued that he was less culpable than Stacie, who had controlled most of the settlement money and had taken steps to hide it in different bank accounts. His primary argument for a below-guideline sentence in the district court was based on his recent employment history. He argued that he had demonstrated his commitment to addressing the financial problems that motivated the bankruptcy fraud, and that his family responsibilities meant he was less likely to commit new crimes.

As might be expected when both parents of young children are facing prison sentences, the defendants' family circumstances were one focus of the sentencing hearing. Keith claimed that his arrest served as a much needed wake-up call to begin to turn things around for himself and his children. Despite earlier struggles with depression and a recent suicide attempt, he said he had tried to make up for his mistakes while he awaited sentencing. He had taken on two jobs to provide for the children, to pay off family debts, and to establish some financial stability. He hoped the district court would recognize his efforts.

Keith acknowledged that, if both he and Stacie were imprisoned, other family members could care for their children. Nevertheless, his attorney asserted in a sentencing memorandum that his absence would take an

"extreme" toll on the family because his children would lose the "financial and emotional support" that he was providing as the "sole breadwinner." Keith also urged that, if he was going to be sent to prison, the court should stay the execution of his sentence until Stacie was released from prison so that their children would have continued parental stability.

Keith Gary's applicable guideline range was 12 to 18 months in prison based on a total offense level of 13 and a criminal history category of I. The court addressed the sentencing factors in 18 U.S.C. § 3553(a). The court explained that bankruptcy fraud occurs often but is rarely discovered or prosecuted, and the court expressed the hope that the prison sentence for a first-time offender would serve to deter other potential offenders. Recognizing that a felony conviction by itself is a significant punishment for a first-time offender like Gary, the court reasoned that a low-end sentence was sufficient "to send a message, to promote respect for the law, and to avoid unwarranted disparity among similarly situated defendants."

In summarizing the aggravating factors influencing Keith's sentence, the court noted that both defendants had refused to turn over the proceeds from Stacie's workers' compensation award even after a motion to compel had been filed in the bankruptcy court, and that Keith had a pending state charge for stealing money from his employer. In mitigation, the court acknowledged his history of depression and "poor coping skills." At that point in the combined hearing, however,

the district court made no mention of Keith's family circumstances. The court then imposed a prison term of 12 months and 1 day.[1]

The district court listened with greater skepticism to Stacie's arguments and allocution because of her long history of fraudulent behavior, which included convictions for mail fraud, credit-card fraud, and deceptive practices. She expressed regret for her actions and the harm that she had caused her children. Unconvinced by her display of remorse, the court responded: "You are a deceptive thief, so crying about your kids isn't going to cut it with me. I am interested in anything you want to say, but that cord doesn't ring." Based on her criminal history, her higher risk of recidivism, and the fact that the court found her more culpable than Keith, the court sentenced Stacie at the top of her applicable guidelines range to 21 months in prison. The court then noted the concern expressed by both defendants for their children and agreed to stagger their prison terms so that their children could maintain parental continuity. The court and the parties then spent considerable time discussing the logistics and procedure to execute these sentences.

After the sentences had been pronounced and explained, as the sentencing hearing was concluding, Keith's

---

[1] The additional day means that Keith is eligible for the fifteen percent good-time credit available under 18 U.S.C. § 3624(b) for federal prisoners serving "a term of imprisonment of more than 1 year."

lawyer said that the court had addressed the family circumstances when addressing Stacie's sentence but had not done so when addressing Keith's sentence. Keith's lawyer asked the court to address more specifically how it had considered the family circumstances when deciding his sentence. In response the district judge stated: "I take that into consideration as well as everything in the PSR. . . . I consider the fact of the kids in this case. I don't think I am required to assign a value to it as part of 3553(a)." The judge then summarized again his reasons for both defendants' sentences. Keith appeals his sentence. (Stacie has dismissed her appeal voluntarily.)

## II. *Analysis*

Keith Gary argues that the district court erred by failing to consider sufficiently his argument in mitigation based on the effect a prison sentence would have on his children. In the wake of *United States v. Booker*, 543 U.S. 220 (2005), we may review a district court's sentence for procedural correctness and for substantial reasonableness. *E.g.*, *United States v. England*, 604 F.3d 460, 464 (7th Cir. 2010). Keith concedes that the court was not required to reduce his sentence based on the family circumstances argument, but he argues that more explicit consideration was required, especially in view of the court's comment that it was not "required to assign a value to it as part of 3553(a)."

A sentencing court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v.*

*United States*, 552 U.S. 38, 50 (2007). We have ordered resentencing in a number of cases where district courts failed to address a defendant's substantial argument in mitigation. *E.g.*, *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (remanding where district court "passed over in silence" the defendant's principal argument in mitigation); *United States v. Villegas-Miranda*, 579 F.3d 798, 801-02 (7th Cir. 2009) (same).

At the same time, when considering such challenges to sentencing explanations, we try to take careful note of context and the practical realities of a sentencing hearing. District judges need not belabor the obvious. The judge need not be explicit where "anyone acquainted with the facts would have known without being told why the judge had not accepted the argument," *United States v. Cunningham*, 429 F.3d at 679, and "stock" arguments in mitigation often can be rejected with little or even no explanation. For example, we said in *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008), that the sentencing court was free to reject without discussion "stock arguments" in mitigation that sentencing courts see routinely, including a routine family-ties argument. Accord, *e.g.*, *United States v. Poetz*, 582 F.3d 835, 839 (7th Cir. 2009) (no error where totality of record showed that district court implicitly considered argument based on family circumstances); *United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009) (district court sufficiently considered stock argument that sentence would lead to deportation and family separation); *United States v. Millet*, 510 F.3d 668, 680 (7th Cir. 2007) (district court provided adequate discussion of reasons for sen-

tence). A court is not required to touch upon every § 3553(a) factor in its explanation as long as "the record confirms meaningful consideration of the types of factors that section 3553(a) identifies." *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

In this case, Keith bases his argument on *United States v. Schroeder*, 536 F.3d 746, 755-56 (7th Cir. 2008), in which we remanded for resentencing where the district court had rejected the defendant's argument for a lower sentence based on extraordinary family circumstances. See also U.S.S.G. § 5H1.6 (family ties and responsibilities are "not ordinarily relevant" in deciding whether to depart below a guideline sentence, but notes authorize departures for extraordinary family circumstances). The defendant in *Schroeder* was the primary caregiver for a young daughter whose significant medical problems left her with a compromised immune system and made it risky to send her to daycare where she would be exposed to disease and infection. 536 F.3d at 750-51. In his absence, the defendant argued, it would be almost impossible to make appropriate arrangements for his daughter's care. *Id.* at 756. To demonstrate the seriousness of the situation, the defendant submitted a letter from the daughter's pediatrician warning of the dangers of daycare and testimony from his wife describing their unsuccessful efforts to make alternative arrangements. *Id.* at 751, 756.

After hearing this evidence, the district court in *Schroeder* had rejected the defendant's argument and commented that his daughter's welfare should not

mitigate the defendant's sentence because he had chosen to engage in criminal conduct and thus caused the family's hardship. *Id.* at 756. We concluded that a remand was necessary. Without further explanation from the district judge, it was impossible to say whether the judge had disagreed that the defendant's family circumstances were extraordinary or simply had refused to give any consideration at all to the argument.

Keith Gary's case is readily distinguishable from *Schroeder*. He did not provide evidence of unusual effects that even approached the serious medical problems that were present in *Schroeder*. He did not argue that his imprisonment would affect his children to a degree beyond the effects that any child must suffer when a parent is imprisoned, and he did not present evidence of any exceptional circumstances.

Most families suffer emotional and financial harm when a parent is imprisoned. Any experienced district judge has heard about those effects many times and must recognize that those effects are consequences of the parent's crime, not the sentence imposed. During the Garys' joint sentencing hearing, Judge Reagan made that clear in responding to Stacie Gary's family-ties argument in mitigation. Mitigating arguments about such general hardships typically do not require any discussion at all. *See, e.g., United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009); *United States v. Mendoza*, 576 F.3d at 722; *United States v. Tahzib*, 513 F.3d at 695.

The only unusual feature of this case is that both parents were facing prison. Judge Reagan plainly gave

that circumstance close attention. He did all he could to ensure that the two parents would serve their prison terms in sequence so that one would always be available to care for the children. We are satisfied that the district court adequately addressed Keith's argument in mitigation.

Keith focuses on the district judge's statement that he was not "required to assign a value" to the family circumstances argument under section 3553(a). Keith contends that the district court's comment conflicts with the instruction in *Schroeder*: "The court was required to consider Schroeder's family circumstances argument and provide an adequate analysis of how much weight, if any, it should command." 536 F.3d at 756. We agree that the district court was required to consider the family circumstances, but its treatment of the issue was consistent with *Schroeder*. When read in conjunction with other cases involving family circumstances arguments, see *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010), and *United States v. Poetz*, 582 F.3d at 839, our opinion in *Schroeder* stands for the proposition that a sentencing court cannot summarily disregard a defendant's potentially meritorious argument as it relates to extraordinary family circumstances. Neither *Schroeder* nor any of our other decisions required the district court to give any particular weight to Keith's family circumstances. The district court was required only to consider the argument, at least to the extent it pointed to anything unusual about Keith's family circumstances, and to provide a sufficient explanation of its treatment of the issue. The court did so here. It re-

sponded in a way that addressed the problems but was not as lenient as Keith had hoped.

To the extent that Keith's family obligations could be considered unusual because the children's mother also faced prison, *Schroeder* does not require a remand when the record demonstrates, as it does here, that the district court responded to the defendant's argument for mitigation. See *Diekemper*, 604 F.3d at 355; *Poetz*, 582 F.3d at 839. Unlike the one comment that the judge made in *Schroeder*, the record here is replete with references to the court's concerns for the Gary family. Much of the sentencing hearing was spent discussing how to ensure that the two parents would serve their prison sentences in sequence so that one parent would always be available to care for the children. See *Poetz*, 582 F.3d at 839 (affirming where district court's sentencing remarks were "peppered with references to [the defendant's] family" and the record as a whole established the court implicitly considered defendant's family circumstances argument).

Finally, we note that Keith Gary also argues that the district court failed to address sufficiently his argument that his recent work history—working two jobs to support his children while awaiting sentencing—justified a below-guideline sentence. This circumstance was not so unusual as to have required much discussion, and we are satisfied that the district court gave the matter sufficient consideration. See, *e.g.*, *United States v. Castaldi*, 547 F.3d 669, 706 (7th Cir. 2008) (finding brief explanation of within-guideline sentence sufficient where judge indicated he had considered the defense arguments).

The judgment of the district court against Keith Gary is AFFIRMED.