In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3400

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID LEE RUNYAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:09-cr-00213—**James T. Moody**, *Judge*.

ARGUED MARCH 1, 2011—DECIDED MAY 2, 2011

Before KANNE, ROVNER, and WOOD, *Circuit Judges*.

PER CURIAM.    David Runyan appeals his 63-month
sentence for being a felon in possession of a firearm, *see*
18 U.S.C. § 922(g)(1). He argues that the district court
wrongly sentenced him to the high end of the Guide-
lines range without meaningfully considering his personal
history and characteristics, *see* 18 U.S.C. § 3553(a)(1)—
namely, the care he gave years ago to his then-terminally
ill father. We affirm.

In the midst of a drinking binge late one evening, Runyan—a four-time felon—walked through the streets of Hammond, Indiana, and fired several shots from a pistol. First he fired at a street sign on a residential street. Later he shot towards a storefront and hit the awning. And upon leaving a bar at 2 a.m. he fired into a van parked in a nearby lot, shattering the van's windshield. A passerby called the police, and Runyan ditched his pistol into a yard once he saw officers approaching him.

Runyan pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). At his sentencing hearing, the parties did not object to the presentence report's calculation that his total offense level (18) and criminal history (category V) yielded a sentencing range of 51 to 63 months. But defense counsel urged the court to sentence him below the range to 30 months because of mitigating factors under 18 U.S.C. § 3553. Counsel claimed, for instance, that "the intoxicated David Runyan committed this offense," and described Runyan as a hard-working family man. "[D]ay in and day out" for two years, counsel said, Runyan cared for his terminally ill father, who passed away in 2007. Runyan also claimed to have given unspecified care to the terminally ill father of his girlfriend's daughters before his death. The government sought a maximum sentence, recounting the reckless nature of Runyan's shooting spree and an extensive criminal history that included several juvenile adjudications, as well as adult convictions for four felonies and three misdemeanors. The district court denied Runyan's request for a below-range sentence, and sentenced him to 63 months. In announcing this

sentence, the court addressed Runyan's offense conduct, but did not comment on his past caregiving.

On appeal Runyan argues that the district court misapplied § 3553(a) by failing to comment upon his past caregiving responsibilities, which he characterizes as "extraordinary acts" that make him an "atypical offender." His "history of behavior in assuming extraordinary responsibilities in caring for family members," he argues, is a mitigating factor that the court ignored.

We presume the reasonableness of Runyan's within-Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 341 (2007). A sentencing court need not comprehensively discuss each of the factors listed in § 3553(a), *e.g., United States v. Christiansen*, 594 F.3d 571, 576-77 (7th Cir. 2010); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005), but it must substantiate its sentence and it must address all of a defendant's principal arguments that are "not so weak as not to merit discussion," *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Runyan's caregiving claim here was so thin as not to require comment. He emphasizes the extent of his own sacrifice, but "[w]hen a defendant presents an argument for a lower sentence based on extraordinary family circumstances, the relevant inquiry is the effect of the defendant's absence on his family members.*" United States v. Schroeder*, 536 F.3d 746, 756 (7th Cir. 2008). *See also United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992) ("The rationale for a downward departure here is not that [the defendant's] family circumstances decrease her culpability, but that we are reluctant to wreak extra-

ordinary destruction on dependents who rely solely on the defendant for their upbringing."); U.S.S.G. § 5H1.6 (family ties and responsibilities are "not ordinarily relevant" in deciding whether to depart below a Guidelines sentence, but application notes authorize departures when the defendant's sentence "will cause a substantial, direct, and specific loss of essential caretaking"). At the time Runyan was sentenced, he no longer was caring for ill family members, as the two fathers had died years earlier. His case is thus readily distinguishable from *Schroeder*, in which we vacated the sentence because the district court failed to consider and comment upon the defendant's claim for leniency based on his ongoing role as caregiver for his daughter, whose compromised immune system made daycare an implausible childcare option. 536 F.3d at 756. Although "a sentencing court cannot summarily disregard a defendant's potentially meritorious argument as it relates to extraordinary family circumstances," *United States v. Gary*, 613 F.3d 707, 711 (7th Cir. 2010), Runyan's argument was anything but potentially meritorious. His argument rested on past rather than present caregiving, and was thus doomed from the start; the district court need not have addressed it.

Runyan also contends that the district court's commentary at sentencing was impermissibly one-sided; he asserts that the court focused only on his past irresponsible behavior and disregarded his past responsible behavior. But the court was not required to discuss Runyan's caregiving that took place in the past, and he concedes that the court adequately discussed his

substance-abuse history, his employment history, and his educational pursuits. Because the court addressed and rejected these arguments in mitigation, its commentary was not one-sided.

AFFIRMED.