**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 15, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1832

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10 CR 30213 |
| AARON CLARK, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

After police found a gun and 17 baggies of marijuana in his car, Aaron Clark pleaded guilty to possessing a firearm as a convicted felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 110 months' imprisonment. He filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Clark has not responded to counsel's submission. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

Counsel begins by noting that Clark does not want to challenge his guilty plea and thus correctly refrains from discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider a challenge to the district court's guidelines calculations. But the probation officer accurately calculated a guidelines imprisonment range of 100 to 120 months. (The top of the range was capped by the 120-month statutory maximum. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(c)(1).) Challenging this calculation would be frivolous because Clark stated at sentencing that he agreed with it. *See United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010); *United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007).

Counsel also correctly concludes that it would be frivolous for Clark to challenge the substantive reasonableness of his sentence. The district court chose a sentence within the guidelines range, and we would presume that term to be reasonable. *See Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Runyan*, 639 F.3d 382, 383 (7th Cir. 2011). Furthermore, the district court properly applied the factors in 18 U.S.C. § 3553(a). Although Clark asked for a below-guidelines sentence because his gun was not operational, the court refused, noting that Clark could repair the gun and that its obliterated serial number suggested an intent to use the gun for criminal activity. The court also noted Clark's extensive and violent criminal record and the circumstances surrounding this arrest: Clark tried to hide the gun when the police approached, and at the time he was on probation, driving without a license, under the influence of marijuana, and in possession of 17 baggies of marijuana.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.