NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012
Decided February 1, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2025

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-10012-001 |
| KOTRESH PARAMESHWARAPPA SALVANKI, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Kotresh Salvanki arranged over the Internet to meet a 13-year-old girl for sex. The "girl" actually was a police officer, and after driving for several hours to the agreed location, Salvanki was arrested. He was convicted after a jury trial of violating 18 U.S.C. § 2422(b). The district court calculated a guidelines imprisonment range of 121 to 151 months and sentenced Salvanki to 151 months. Salvanki filed a notice of appeal, but his appointed lawyer has moved to withdraw on the ground that the possible claims she has identified are frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Salvanki opposes counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues discussed

in counsel's facially adequate brief and Salvanki's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers arguing that the district court erred in denying Salvanki's motion to suppress the videotaped confession he gave immediately after his arrest. During that interview, which occurred before Salvanki learned about his correspondent's true identity, he admitted communicating over the Internet with a 13-year-old and driving three hours to have sex with her. In his motion Salvanki argued that the confession should be suppressed because one of the officers who conducted the interview allegedly had represented that nothing Salvanki said would be used against him in court. In fact, however, the videotape documents that an investigator read the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and obtained a waiver of Salvanki's rights before the interview commenced. We agree with counsel that an appellate claim challenging the ruling on Salvanki's motion would be frivolous because, after conducting an evidentiary hearing and watching the video, the district court found that his version of events was false. The investigator's hurried recitation of the *Miranda* warnings was disappointing, the court acknowledged, but Salvanki's responses confirmed that he neither misunderstood the warnings nor that he was waiving his rights to counsel and to remain silent. Determinations of witness credibility almost never will be clearly erroneous, and we would defer to the district court's findings. See *United States v. Stewart*, 536 F.3d 714, 720 (7th Cir. 2008); *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007).

Counsel next considers whether Salvanki could argue that the trial evidence does not support his conviction. When reviewing a challenge to the sufficiency of the evidence, we view that evidence in the light most favorable to the government and will uphold the jury's verdict so long as a rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011). Salvanki was charged with using the Internet in attempting to entice someone under age 18 to engage in "sexual activity for which any person can be charged with a criminal offense." See 18 U.S.C. § 2422(b). The particular criminal offense, as alleged in the indictment, was the Illinois crime of aggravated criminal sexual abuse, which the state has defined to include committing an act of sexual penetration or sexual conduct against a child who is 13 to 16 years old and at least 5 years younger than the defendant. 720 ILCS 5/11-1.60(d) (formerly codified at 720 ILCS 5/12-16(d)). In order to convict Salvanki, who was 29 at the time of the offense, the government had to prove that he used the Internet in the course of taking a substantial step toward enticing a minor to engage in sexual acts that, for Salvanki, would constitute aggravated criminal sexual abuse. See *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011); *United States v. Berg*, 640 F.3d 239, 246 (7th Cir. 2011).

We agree with appellate counsel that a sufficiency challenge would be frivolous because the evidence of guilt presented to the jury was overwhelming. The government introduced uncontradicted evidence that over the course of a month Salvanki had communicated online with an undercover police officer posing as a 13-year-old girl named Jessica. Transcripts of the communications show that Salvanki initiated contact with "Jessica" in a Yahoo! chat room and 5 minutes later sent a picture of his penis after "Jessica" had confirmed that she was 13 and shared a photo of a girl that age. In this and later online conversations, Salvanki questioned "Jessica" about her sexual experience and asked whether she would engage in intercourse and oral sex if he visited her. Ultimately, the transcripts showed, Salvanki concocted a plan to drive three hours to meet "Jessica" at a restaurant and take her to a hotel. Salvanki was arrested after he arrived at the restaurant, and police officers testified that they found three condoms in his jacket and a stuffed teddy bear in his car. An officer also related Salvanki's confession to the jury. This evidence easily proves a violation of § 2422(b). See *United States v. Knope*, 655 F.3d 647, 660–61 (7th Cir. 2011), *cert. denied*, No. 11-7569, 2012 WL 33658 (Jan. 9, 2012); *United States v. Gladish*, 536 F.3d 646, 648–49 (7th Cir. 2008).

Finally, counsel has evaluated whether to challenge Salvanki's prison sentence but has concluded that the possible arguments would be frivolous. We agree with that assessment. The district court increased Salvanki's offense level by two for obstruction of justice, see U.S.S.G. § 3C1.1, but we would not disturb this adjustment because the court found that he willfully gave false testimony at the suppression hearing. See *United States v. Vallar*, 635 F.3d 271, 288–89 (7th Cir. 2011); see also *United States v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006) (explaining that § 3C1.1 may be applied even when attempt to obstruct justice is unsuccessful). Although we question counsel's conclusion that the sentencing judge "adopted" the prosecutor's arguments in aggravation when explaining Salvanki's prison sentence, we do agree with counsel that the judge said enough to satisfy us that the court had considered the factors in 18 U.S.C. § 3553(a). "A rote statement that the judge considered all relevant factors will not always suffice" to explain a sentence and avoid procedural error, *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), but here the judge's oral statements are augmented by the additional written explanation, albeit a brief one, that the term imposed was necessary to provide just and adequate punishment. See *United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010). Additionally, cases in which we have remanded because of insufficient explanation of a sentence have usually involved a failure by the sentencing judge to respond to a principal, nonfrivolous argument in mitigation, see, *e.g.*, *United States v. Johnson*, 643 F.3d 545, 549–50 (7th Cir. 2011); *United States v. Villegas-Miranda*, 579 F.3d 798, 801–04 (7th Cir. 2009); *United States v. Harris*, 567 F.3d 846, 854–55 (7th Cir. 2009); *United States v. Schroeder*, 536 F.3d 746, 755–56 (7th Cir. 2008), but here Salvanki simply raised a stock argument about his lack of criminal history

and referred to other adjustments that already had been calculated into his guidelines range. These arguments did not require a response from the judge. See *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010); *United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009). Accordingly, we would not find that the sentencing judge committed procedural error, and we agree with counsel that the record presents no basis to rebut the presumption of reasonableness that applies to Salvanki's within-range sentence of 151 months. See *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011).

In his response to counsel's motion, Salvanki argues again that his recorded confession should have been suppressed because of his purported misunderstanding of the *Miranda* warnings. As we have discussed already, that claim would be frivolous. See *Stewart*, 536 F.3d at 720; *Biggs*, 491 F.3d at 621. Salvanki also argues that a police officer lied at trial about the contents of several online conversations which prosecutors admitted had been lost because of a computer error. Those missing conversations, says Salvanki, would have shown that on one occasion "Jessica" initiated communication and invited him to visit her and have sex, which he could have used in an entrapment defense. But we cannot reassess the credibility of witnesses when reviewing the sufficiency of the evidence, see *United States v. Kruse*, 606 F.3d 404, 408 (7th Cir. 2010), and the court determined at a pretrial hearing that the government had lost the conversations by mistake rather than through bad faith, see *United States v. Fletcher*, 634 F.3d 395, 407–08 (7th Cir. 2011). Finally, Salvanki contends that the government tampered with some of the transcripts of his online conversations, but he admits that he has no evidence in support of this assertion.

We GRANT counsel's motion to withdraw and DISMISS the appeal.