*1002 PER CURIAM.
The defendant pleaded guilty to four counts of producing child pornography. 18 U.S.C. § 2251(a). He produced them by photographing his repeated sexual assaults on a girl who was a friend of his daughters and sometimes slept over at his house. He obtained additional pornographic images of her by threatening to kill her unless she photographed herself in sexually explicit poses and emailed him the images. The abuses began when she was 11 years old and continued until she was 14.
Because his total offense level was 43, his guidelines sentence for each count was life. U.S.S.G. ch. 5, pt. A (Sentencing Table). But the judge could not impose that sentence because the statutory maximum sentence for each count of conviction was 30 years. 18 U.S.C. § 2251(e). (It would have been longer had the defendant had previous convictions, but he didn’t.) The judge sentenced him to the 30-year maximum on one count and to concurrent sentences of 20 years on each of the remaining three counts, but he ordered that the set of 20-year sentences be served consecutively to the 30-year sentence, making the total sentence 50 years. The judge was entitled to do this. E.g., United States v. Bussell, 662 F.3d 831, 852-53 (7th Cir.2011); United States v. Thompson, 523 F.3d 806, 814 (7th Cir.2008); United States v. Sarras, 575 F.3d 1191, 1220-21 (11th Cir.2009); United States v. Betcher, 534 F.3d 820, 827-28 (8th Cir.2008). Indeed, the guidelines tell the judge to sentence consecutively when necessary to bring the total sentence into the guidelines range, even though the sentence would exceed the statutory maximum sentence for any count of which the defendant was convicted, U.S.S.G. § 5G1.2(d), though as the guidelines are no longer mandatory the judge doesn’t have to sentence consecutively in that circumstance.
But the judge did sentence consecutively in this case as recommended by the guidelines and as a result the defendant, 46 years old when he was sentenced, will serve 50 years in prison should he live to the age of 96. His lawyer has scoured the record without success for some ground for attacking the sentence, a guidelines sentence and therefore presumed on appeal to be reasonable. Compelling mitigating factors ignored by the judge have not been shown. The lawyer has filed an Anders motion to withdraw as counsel on the ground that the appeal is frivolous; we grant the motion and dismiss the appeal.