NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013
Decided February 22, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1553

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CR-30107-001-WDS |
| DARRELL L. STEWART, JR., *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

Darrell Stewart pleaded guilty to three counts of producing, and one count of possessing, child pornography, after the Federal Bureau of Investigation discovered that he was sharing over the Internet images of children engaging in sexually explicit conduct. A search of his house revealed more than 90,000 images stored on several electronic devices. Stewart's collection contained images of minors from infants to teens. In producing child pornography Stewart had recorded video of 5 minor boys, ranging in age from 3 years to 15. He sexually assaulted 3 of those boys, including 2 who are his cousins.

At sentencing the district court calculated a guidelines range of life imprisonment based on a total-offense level of 43 and criminal-history category of III. The court sentenced

Stewart to the statutory maximum of 30 years for each count of producing child pornography, *see* 18 U.S.C. § 2251(e), and 10 years for possessing child pornography, *see id.* § 2252(b)(2). The 30-year terms are concurrent with each other but consecutive to the 10-year term, for a total of 40 years.

Stewart filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Stewart has not responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Stewart has told counsel that he does not want his guilty pleas set aside, so counsel properly omits discussion about the adequacy of the plea colloquy and the voluntariness of those pleas. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel has not identified any basis to dispute the district court's application of the sentencing guidelines. That leaves only the possibility of challenging the reasonableness of the sentence, a claim that counsel correctly labels as frivolous. Stewart faced life imprisonment under the guidelines, so a prison term of any length would be presumptively reasonable. *See United States v. Craig,* 703 F.3d 1001, 1002 (7th Cir. 2012); *United States v. Klug,* 670 F.3d 797, 799–800 (7th Cir. 2012); *United States v. Tanner,* 628 F.3d 890, 908 (7th Cir. 2010). And the record discloses no ground to reject that presumption.

Counsel correctly notes that the district judge was not obliged to discuss every argument in mitigation that Stewart included in his sentencing memorandum. *See United States v. Grigsby,* 692 F.3d 778, 791 (7th Cir. 2012). The judge could reject without comment Stewart's arguments concerning childhood substance abuse, cooperation with the police, additional prison time resulting from potential state charges, and his vulnerability to abuse in prison as a sex offender. We have said repeatedly that district courts do not need to address stock arguments or general hardships that are not unique to the defendant or to the crime charged. *See, e.g., United States v. Garcia-Oliveros,* 639 F.3d 380, 382 (7th Cir. 2011); *United States v. Hall,* 608 F.3d 340, 347 (7th Cir. 2010); *United States v. Gary,* 613 F.3d 706, 710 (7th Cir. 2010); *United States v. Mendoza,* 576 F.3d 711, 722 (7th Cir. 2009).

The judge did address explicitly Stewart's principal reasons for seeking a lower sentence—his history of mental illness and proactive efforts to obtain treatment for that condition and his substance abuse—but rejected them in light of many aggravating factors, including Stewart's repeated victimization of children left in his care by friends and family, the physical and emotional harm to the victims, the extreme number of images he possessed, and the likelihood of recidivism. *See United States v. Coopman,* 602 F.3d 814, 818–19 (7th Cir. 2010); *United States v. Haskins,* 511 F.3d 688, 696 (7th Cir. 2007).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.