NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014
Decided March 12, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1376

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> JHERAMIE P. MACK, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 11-CR-00380 <br><br> Charles R. Norgle, <br> *Judge.* |

**O R D E R**

Jheramie Mack and two co-defendants stole 26 guns from a gun shop in Tinley Park, Illinois, and then led pursuing police in a high-speed chase as they tried to escape in a stolen vehicle. Eventually the co-defendant who was driving lost control, and their car was struck by a police vehicle. Mack fled on foot with several guns but was quickly caught. He pleaded guilty to stealing firearms from a licensed dealer, 18 U.S.C. § 922(u), and the district court sentenced him at the bottom of the guidelines imprisonment range to 57 months. Mack filed a notice of appeal, but his newly appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mack opposes counsel's motion. *See* CIR.

R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission and in Mack's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Mack has told counsel that he wants his guilty plea set aside, so the lawyer first discusses whether the defendant might challenge the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). We would review for plain error since Mack never moved to withdraw his guilty plea in the district court. *See* FED. R. CRIM. P. 52; *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Counsel noticed two omissions in Mack's plea colloquy. First, the district court neglected to admonish Mack that he could be prosecuted for perjury if he made a false statement under oath, *see* FED. R. CRIM. P. 11(b)(1)(A), but this omission was harmless because no perjury charge is pending or contemplated, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Second, the court did not explain the nature of the charge, *see* FED. R. CRIM. P. 11(b)(1)(G), but Mack assured the judge that he had read and discussed with counsel the plea agreement, which recites the § 922(u) charge and includes an express representation that Mack understood the essential elements of that violation, *see United States v. LeDonne*, 21 F.3d 1418, 1423–25 (7th Cir. 1994); *United States v. Page*, 520 F.3d 545, 547–48 (6th Cir. 2008). A judge's substantial compliance with Rule 11 is enough to shield a guilty plea on direct appeal even when the claim of error was preserved, *see United States v. Blalock,* 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997), and we agree with counsel that a claim of plain error would be frivolous on this record.

Counsel next considers several potential challenges to the district court's application of the sentencing guidelines, which includes upward adjustments of six levels because the crime involved 26 guns, *see* U.S.S.G. § 2K2.1(b)(1)(C), another four levels for trafficking firearms, *see id.* § 2K2.1(b)(5), and two levels for reckless endangerment during the attempted getaway, *see id.* § 3C1.2. Mack had objected to the "trafficking" increase because, he said, the probation officer inferred from the number of guns that some would be trafficked. This inference, Mack reasoned, "double counts" the increase attributable to the number of guns. We agree, though, with appellate counsel's conclusion that basing a claim of error on this objection would be frivolous. Double counting occurs when a single aspect of the defendant's conduct triggers multiple increases in offense levels, *see United States v. Diekemper*, 604 F.3d 345, 354 (7th

Cir. 2010), but double counting is permissible unless a specific guideline provides otherwise, *United States v. Vizcarra*, 668 F.3d 516, 520–21 (7th Cir. 2012). What is more, Application Note 13(D) *directs* that subsections (b)(1) and (b)(5) both be applied when three or more firearms are possessed and trafficked, U.S.S.G. § 2K2.1 cmt. n.13(D), so in this situation double counting is by design rather than default. Anyway, Mack was wrong in suggesting that the trafficking increase depends on an inference arising from the number of guns; Mack *stipulated* that when he stole the guns he knew that many were destined for other persons.

Mack also had objected to the upward adjustment for reckless endangerment during flight (which the probation officer and district judge correctly linked to § 3C1.2 but mistakenly described as an increase for "obstruction of justice"). This adjustment applies if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement. *See* U.S.S.G. § 3C1.2; *United States v. Brown*, 716 F.3d 988, 995 (7th Cir. 2013). The district court rested the increase on the high-speed chase (the driver of the getaway car reached speeds of 90 miles per hour and ran traffic lights before losing control) along with Mack's flight on foot with several guns after the car came to a stop. Mack and his co-defendants endangered pedestrians and other motorists including the officers giving chase, *see, e.g.*, *Brown*, 716 F.3d at 995; *United States v. Woody*, 55 F.3d 1257, 1274 (7th Cir. 1995), and Mack further created the potential for an immediate, violent confrontation during the foot chase by carrying several guns, whether loaded or not, *see Brown*, 716 F.3d at 996; *United States v. Easter*, 553 F.3d 519, 523–24 (7th Cir. 2009); *United States v. Smythe*, 363 F.3d 127, 129 (2d Cir. 2004). Thus, appellate counsel is correct that a challenge to the increase under § 3C1.2 would be frivolous.

Counsel next considers whether Mack could argue that the district court violated Federal Rule of Criminal Procedure 32 by overruling his sentencing objections with little commentary, or that the court failed to articulate on the record its calculation of the imprisonment range and thus committed procedural error. At sentencing Mack's lawyer "stood on" his sentencing memorandum instead of rehashing his objections to the trafficking increase and to a further upward adjustment for possessing the guns in connection with another felony offense (burglarizing the gunshop), *see* U.S.S.G. § 2K2.1(b)(5). In turn, the district judge replied, "I have, although maybe I have not articulated, overruled those objections." As appellate counsel recognizes, these two objections were legal rather than factual and had been vetted in the presentence report as well as the parties' written submissions, and for that reason the district court was not

required to say more than it did to satisfy the minimal burden imposed by the rule. *See* FED. R. CRIM. P. 32(i)(3)(B); *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1216 (10th Cir. 2007). As for the absence of an express statement of the guidelines imprisonment range during the sentencing hearing, we would not agree with appellate counsel's assumption that an error of omission was committed. A sentencing court must *calculate* the guidelines range before imposing a sentence, *see United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005), but Rule 32 does not include a command that the court formally announce the final range, especially when, as in this case, the record makes clear that the probation officer, the parties, and the court were all on the same page, *see United States v. Annoreno*, 713 F.3d 352, 357 (7th Cir. 2013); *United States v. Anderson*, 604 F.3d 997, 1004 (7th Cir. 2010). The probation officer had calculated an imprisonment range of 57 to 71 months, and by the time the district judge pronounced a sentence of 57 months, "which is the low end of the Federal Sentencing Guideline range," the court had overruled all of Mack's objections to the probation officer's calculations and the prosecutor had stated on the record (without comment from Mack or his lawyer) that the resulting range was "57 to 71 months." An argument that this was not enough would be frivolous.

Last, counsel evaluates a potential claim that the district judge neglected to consider Mack's contention that a lenient sentence would allow him to continue supporting his family, as well as a possible argument that the sentence imposed is substantively unreasonable. Both contentions would be frivolous. Mack's 57-month sentence falls within the properly calculated guidelines range and is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008), and counsel has not identified any basis to upset that presumption. The district court adequately addressed the factors in 18 U.S.C. § 3553(a) by noting, on the one hand, Mack's commitment to community service and positive contributions, *see id.* § 3553(a)(1), and, on the other hand, the seriousness of the crime, Mack's flight from law enforcement, and the need to protect the community and deter him from future criminal activity, *see id.* § 3553(a)(2). Moreover, the court was not required to discuss Mack's stock argument that sending him to prison would cause him to lose a job that he did not have until after his arrest in this case. *See United States v. Gary*, 613 F.3d 706, 709–11 (7th Cir. 2010); *United States v. Mendoza*, 576 F.3d 711, 721–23, n.2 (7th Cir. 2009); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008).

Mack proposes two other appellate claims in his Rule 51(b) response. First, as we understand his submission, Mack argues that because Title 18 defines obstruction of

justice as a crime, *see generally* 18 U.S.C. §§ 1501 to 1521, the government could not seek the increase for reckless endangerment during flight, *see* U.S.S.G. § 3C1.2, without charging that upward adjustment in the indictment and proving the underlying conduct beyond a reasonable doubt. But flight from the police does not fit within the statutory violations that Mack supposes, and if it did that would not have precluded the district court from applying the upward adjustment based on the uncharged conduct proved only by a preponderance of evidence, *see United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006); *United States v. Watson*, 189 F.3d 496, 502 (7th Cir. 1999).

Second, Mack suggests that his lawyer or the district court should have told him that Federal Rule of Criminal Procedure 11(c)(1)(C) authorizes plea agreements which bind the court to a specific sentence; had he known about that provision, says Mack, he would have asked his lawyer to seek that option. What Mack is suggesting is that former counsel's performance was deficient, but claims of ineffective assistance rarely are sustainable on direct appeal and, thus, best saved for post-conviction review. *See Massaro v. United States*, 538 U.S. 500, 503–04 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). This theory of ineffective assistance is no different.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.