NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

13-27

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 5, 2014
Decided October 14, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2758

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

LAWRENCE WADE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.

No. 12 CR 442

Charles R. Norgle,
    *Judge.*

**O R D E R**

Lawrence Wade pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), (b), and the district court sentenced him as a career offender to 151 months' imprisonment. On appeal Wade, now 44, contends that the district court procedurally erred by failing to address his principal argument in mitigation: that he should not be sentenced as a career offender because several of his qualifying convictions were committed while he was a teenager and so were too remote in time to be considered under the career-offender guideline. Because Wade's qualifying convictions were not too dated to be considered under the career-offender guideline, we affirm.

Over a 12-day period in December 2009, Wade purchased heroin from a confidential informant. Wade combined this heroin with his own stash and on two occasions sold some to a customer. In total, Wade possessed about 47 grams of heroin.

More than two years later, in June 2012, FBI agents arrested Wade, and he was indicted on three counts of intentionally possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and three counts of knowingly and intentionally using a telephone to facilitate distribution of the drug, *id.* § 843(b). Wade pleaded guilty to a single count of distributing heroin.

The probation office prepared a presentence report which noted that Wade was a career offender because of his prior convictions for crimes of violence. *See* U.S.S.G. § 4B1.1(a). According to the presentence report, Wade had two initial qualifying convictions for crimes of violence, based on his convictions for armed robbery and attempted murder, offenses that he committed in 1989. Wade had one additional conviction for a crime of violence—a 2001 home invasion involving use of a firearm. The probation officer calculated Wade's guidelines range as 151 to 188 months, based on a total offense level of 29 and a criminal-history category of VI.

At sentencing, the parties agreed that Wade had more than two prior convictions for crimes of violence and so was a career offender, but Wade argued that the court should sentence him otherwise because the two 1989 qualifying offenses were too remote in time to be considered. Wade denied being a typical career offender because the robbery offenses and resulting convictions that triggered his career-offender designation occurred back in 1989, when he was only 19 and belonged to a gang with which he no longer associated. Meanwhile, his other qualifying offense—the 2001 home invasion with a firearm, committed when he was 31—was prompted by a heroin addiction that he described as untreated. Wade pressed for a below-guidelines sentence of 51 to 63 months, the guidelines range that would have applied had he not been a career offender.

The court disagreed with Wade and sided with the probation officer, finding that Wade's status as a career offender was "well-supported by the record," which included serious offenses including multiple robberies and a home invasion involving use of a firearm. The court explained that although Wade may have had a drug addiction, he was personally responsible for his crimes. In sentencing Wade to the bottom of the guideline range, the court accepted the probation officer's sentencing recommendation and emphasized the need for deterrence—to deter Wade as well as "anyone else who would be thinking about using controlled substances or committing crimes of violence."

Wade's sole argument on appeal is that the district court failed to consider his primary argument in mitigation: that the convictions stemming from his 1989 arrests for armed robbery (during his teenage years) were too remote in time to be considered under the career-offender

guideline. The court's silence, Wade contends, constitutes procedural error that requires reversal.

Wade's armed-robbery convictions were not too remote in time to qualify as predicate offenses for purposes of § 4B1.1. A prior offense may be considered as a predicate offenses for career-offender purposes if it was the basis for the defendant being incarcerated during the 15 years preceding the commencement of the instant offense. *See* U.S.S.G. § 4A1.2(e)(1); *see also United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003)*; United States v. Hillsman*, 141 F.3d 777, 778–79 (7th Cir. 1998); *United States v. Van Anh*, 523 F.3d 43, 61 (1st Cir. 2008). Wade's convictions meet this criteria. His current offense commenced on December 10, 2009, when he negotiated his first heroin purchase. *See* U.S.S.G. § 4A1.2, cmt. n.8 (offense commences when defendant first engages in relevant conduct). Thus any incarceration within the 15 years preceding that date (*i.e.*, after December 1994) would qualify for purposes of U.S.S.G. § 4B1.1. *See United States v. Patillar*, 595 F.3d 1138, 1140–41 (10th Cir. 2010). Because Wade was incarcerated with the Illinois Department of Corrections until 1997, his underlying 1989 offenses for armed robbery are not too remote in time. *See* U.S.S.G. § 4A1.2(e)(1); *United States v. Womack*, 610 F.3d 427, 430, 432–33 (7th Cir. 2010) (explaining that prior convictions properly count as predicate offenses if they led to a prison term greater than 13 months and occurred within 15 years of current offense).

Further, although the district court did not explicitly mention Wade's argument about his prior convictions being too remote, the court adequately justified its within-guidelines, 151-month sentence. The district court did not need to belabor the obvious regarding Wade's qualification as a career offender, *see United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014); *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010), particularly when it agreed with the probation officer that Wade's prior convictions qualified him for the designation (all of Wade's qualifying convictions were for crimes of violence for which he could be—and actually was—imprisoned for more than a year, *see* U.S.S.G. §§ 4B1.1(a), 4B1.2(a)). When "anyone acquainted with the facts would have known without being told why the judge had not accepted the argument," the district court need not explain every decision so long as the record shows that the court meaningfully considered the § 3553(a) factors. *Gary*, 613 F.3d at 709–10 (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)); *see United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008). Here the court emphasized the seriousness of Wade's drug sales, 18 U.S.C. § 3553(a)(2)(A), his struggle with drug addiction, *id.* § 3553(a)(1), and the need to deter others, *id.* § 3553(a)(2)(b), before it imposed the 151-month sentence.

Accordingly, we AFFIRM the district court's judgment.