NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2014
Decided January 29, 2015

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:13CR00057-001 |
| DANIEL A. JINES, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

Daniel Jines pleaded guilty to sexually exploiting a minor (his daughter), 18 U.S.C. § 2251(a), and receiving and possessing child pornography, *id.* § 2252(a)(2), (a)(4)(B). At sentencing Jines asked the court to impose a sentence that would not be a de facto life sentence. The district court declined to use Jines's life expectancy as a sentencing cap and sentenced him to 680 months' imprisonment. On appeal Jines contends that the court ignored his primary argument in mitigation about avoiding an effective life sentence and imposed a substantively unreasonable sentence. Because Jines's sentence is neither procedurally nor substantively unreasonable, we affirm.

Jines was linked by the Hamilton County Metro Child Exploitation Task Force to an IP address that had downloaded child pornography. Authorities visited Jines at his home, and he admitted to downloading child pornography and showed the officers a folder on his computer that contained 400 videos of child pornography. Some of those videos featured very young children—ranging in age from two months to two years—engaged in bondage and bestiality.

After Jines was arrested, his then 15-year-old daughter told authorities that her father had forced her to engage in sexual acts with him when she was between 8 and 13 years old. The assaults typically involved Jines touching her genitals and other body parts with his hands and penis and performing oral sex on her. Jines would threaten her with vaginal penetration if she did not comply with his sexual demands, though he never carried out those threats. Jines video recorded many of the assaults, and he hid cameras in the bathroom and his daughter's bedroom to clandestinely view her showering and changing clothes. The police later retrieved from Jines's home the pornographic video files of his daughter, who is seen sobbing and protesting throughout.

Jines was charged with 13 counts of child exploitation, 18 U.S.C. § 2251(a), and 1 count of receiving and 1 count of possessing child pornography, *id.* § 2252(a)(2), (a)(4)(B). He entered an open plea of guilty, and in exchange the government dismissed three of the charges for child exploitation.

The district court calculated a guidelines range of life, based on a total offense level of 51 and criminal history category of I. But the offenses each carry a statutory maximum sentence—30 years for child exploitation and 20 for child pornography, 18 U.S.C. §§ 2251(e), 2252(b)—which, when stacked according to the guidelines' instruction to impose maximum and consecutive sentences to achieve what the guidelines sentence would have been without a statutory maximum, *see* U.S.S.G. § 5G1.2(d); *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003); *United States v. Thavaraja*, 740 F.3d 253, 257 n.3 (2d Cir. 2014), yields a guidelines range of 340 years.

The government requested the maximum sentence while Jines urged the district court to impose a sentence that would not ensure that he dies in prison. Citing the Social Security mortality tables, Jines asserted that, as a 37-year-old man at the time of sentencing, he is statistically expected to die in 44 years, so he argued that the court should impose a sentence that would release him before he has served that amount of time. He added that the judge should consider a lower sentence to promote marginal deterrence because there was only one victim (whom he did not physically injure or

vaginally penetrate), he did not distribute any of the images of his daughter, and this was his first sex offense.

The district court sentenced him to 680 months, just shy of 57 years. The judge declined to use Jines's life expectancy as a sentencing boundary: "Mr. Dazey talks about your age and that the Court should not impose a life sentence in this case. I've heard those and seen those statistics before. I'm not sure I grasp them. I think each case is decided on its own merits, as yours will be." As for marginal deterrence, the court rejected Jines's attempt to downplay the severity of his offense, declaring that "[i]t would be almost impossible to overstate the depravity of your conduct in this case."

When the court had completed its analysis of the sentencing factors under 18 U.S.C. § 3553(a), it asked Jines's lawyer whether his main mitigation arguments had been addressed. Counsel replied that he needed "to think that through," then quickly reiterated his argument about marginal deterrence, and stated, "I think the answer is yes. I think the Court has hit each of the circumstances within that marginal deterrence argument, yes."

Jines first argues on appeal that the district court erred by inadequately addressing his primary argument in mitigation: that the court should avoid imposing a de facto life sentence. Jines contends that the court's statement—that it did not grasp the cited mortality statistics—did not sufficiently explain the court's reason for discounting his argument. The government counters that Jines waived this argument when he assured the court that it had sufficiently addressed his main arguments in mitigation.

We agree with the government that Jines waived his procedural argument. If, as here, the district court asks defense counsel whether the court has satisfactorily addressed the defendant's principal arguments in mitigation and counsel replies yes, then counsel is foreclosed from arguing on appeal that a principal argument remains unaddressed. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

Waiver aside, we agree with the government's alternative contention that the district judge adequately considered Jines's argument concerning the propriety of an effective life sentence. Resentencing is required when the district court's discussion of a principal mitigation argument is "so cursory that we are unable to discern the court's reasons for rejecting the argument." *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013); *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). The district court here said very little when addressing Jines's argument about a life sentence, but a sentence is not procedurally unreasonable if the totality of the judge's statements

reveals—even implicitly or imprecisely—that he considered the mitigating argument. *See United States v. Cheek,* 740 F.3d 440, 456 (7th Cir. 2014). Here Judge Lawrence articulated, for instance, that the seriousness of Jines's offense was the overriding concern behind the 680-month sentence:

> You are here for your intentional and unrelenting sexual exploitation of a minor child and that you sadistically documented that abuse with the production of images and videos.
>
> You are also here for collecting images of the sexual abuse of even more minor children. The possession of these images is clearly a re-victimization of each and every child depicted in those images. It is obvious that your offenses, both in their character and in their frequency and repetition, are the most serious under the law.

It is implicit in this explanation that Jines's argument for a lighter sentence was outweighed by his unforgivable actions against his daughter and countless other minors.

Jines next challenges the substantive reasonableness of his 680-month sentence and urges this court to heed Judge Posner's skepticism—expressed in a concurrence in *United States v. Craig,* 703 F.3d 1001 (7th Cir. 2012)—about the effectiveness of deterrence in extremely long sentences. Judge Posner joined the per curiam opinion in *Craig* upholding a 50-year sentence for a 46-year-old defendant who pleaded guilty to violating § 2251(a) by photographing his repeated sexual assaults of a young girl. 703 F.3d at 1002. But he wrote in concurrence that "[s]entencing judges should try to be realistic about the *incremental* deterrent effect of extremely long sentences," because the "capacity and desire to engage in sexual activity diminish in old age." *Id.* at 1004.

But nothing in Judge Posner's concurrence supports disturbing the district court's judgment here. Judge Posner's comments were advisory, not mandatory: He wrote separately, he clarified, only to remind district judges "of the importance of careful consideration of the wisdom of imposing de facto life sentences," *Craig,* 703 F.3d at 1002, and we have since reiterated that the concurrence contains only suggestions and not directions, *see United States v. Volpendesto,* 746 F.3d 273, 300 (7th Cir. 2014). The district judge was not required to consider incremental deterrence, so his decision not to account for it could not have rendered Jines's sentence unreasonable.

What's more, Jines's below-guidelines sentence is presumed reasonable on appeal, *see United States v. Tanner,* 628 F.3d 890, 908 (7th Cir. 2010), and he failed to rebut

that presumption. The district court considered Jines's steady employment history and the absence of any prior criminal record, *see* 18 U.S.C. §3553(a)(1), but found these factors outweighed by his repeated acts of violently molesting his daughter, the large number of child victims whose images he had downloaded, and the pain he caused his family, *see id.* § 3553(a)(1), (a)(2)(A); the need to deter others from committing similar crimes, *see id.* § 3553(a)(2)(B); and the need to protect the public from a depraved and manipulative man, *see id.* § 3553(a)(2)(C).

AFFIRMED.