In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2359

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SUZANNE POETZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 07-cr-311—**J.P. Stadtmueller**, *Judge.*

ARGUED SEPTEMBER 10, 2009—DECIDED OCTOBER 9, 2009

Before MANION, SYKES, and TINDER, *Circuit Judges.*

SYKES, *Circuit Judge.* Suzanne Poetz pleaded guilty to theft of government property in violation of 18 U.S.C. § 641. Her advisory sentencing guidelines range was 24 to 30 months, and the district court sentenced her to imprisonment of a year and a day. Poetz argues on appeal that her sentence is unreasonable because the judge did not adequately consider her medical problems or the impact of incarceration on her family, which in her view warranted a sentence of home confinement.

We affirm. The district judge's failure to specifically mention the impact of incarceration on Poetz's family does not require resentencing. The judge took evidence and heard argument on this point over the course of several sentencing hearings, and the totality of the record demonstrates that the judge implicitly considered and rejected it. The judge also gave ample consideration to Poetz's medical issues in imposing a below-guidelines prison sentence.

## I. Background

Suzanne Poetz was a procurement officer at the United States Forestry Service in Milwaukee when she began stealing from her office to support a gambling habit. Her theft totaled $319,000 over four years. She pleaded guilty to a scheme of misusing government-issued purchase cards and "convenience checks" in violation of 18 U.S.C. § 641. Poetz did not dispute her advisory guidelines range of 24-30 months, but instead argued for a sentence of 24 months' home confinement due to her medical problems and those of her family members.

Poetz's sentencing was delayed for over a year. Her initial sentencing was rescheduled due to her stomach surgery, the rescheduled sentencing was adjourned because she had a seizure in court, and sentencing was delayed again while the Bureau of Prisons ("BOP") reviewed her medical history at the request of the court. (Poetz suffers from various gastrointestinal disorders, seizure disorder, several upper respiratory diseases, arthritis, and early onset diabetes.) After considering

two sets of Poetz's medical records, BOP medical staff informed the court that it was capable of providing Poetz with the necessary medical care to treat her various conditions. Among other evidence presented over the course of several sentencing hearings, Poetz's husband and father-in-law wrote to the court and testified about how they depend on Poetz for supervision and medical care. (Thomas Poetz, Suzanne's husband, has cardiac and back problems. Joseph Poetz, his father, also has cardiac problems, as well as diabetes, glaucoma, and cataracts.) They also explained that Poetz helps supervise her mentally disabled brother.

The judge imposed a below-guidelines sentence of a year and a day in prison and three years of supervised release. The court stressed the need to promote respect for the law, Poetz's abuse of public trust, and her "unique interrelated medical issues." The judge mentioned Poetz's family several times, but did not explicitly mention the impact of incarceration on her caretaking role within her family. Neither did the judge explicitly address the possibility of home confinement. Although the judge noted a concern about the BOP's medical facilities, he accepted the BOP's representations that it could provide Poetz with appropriate medical care.

## II. Discussion

Poetz challenges the reasonableness of her sentence on the ground that the judge failed to consider her arguments for home confinement. We review the reasonableness of a sentence under an abuse-of-discretion standard.

*Gall v. United States*, 128 S. Ct. 586, 591, 597 (2007). A below-guidelines sentence, like a within-guidelines one, is presumed reasonable against a defendant's challenge that it is too high. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2747 (2009). That we might have imposed a different sentence is not sufficient to justify reversal, *United States v. Scott*, 555 F.3d 605, 610 (7th Cir. 2009) (citing *Gall*, 128 S. Ct. at 597); reasonableness "contemplates a range, not a point," *id*. at 608 (citation omitted). We have expressed skepticism about defense arguments that a below-guidelines sentence is unreasonable. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("We have never deemed a below-range sentence to be unreasonably high."); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high.").

Poetz concedes that the district court properly calculated the guidelines range and acknowledges the general difficulty of challenging a below-guidelines sentence as unreasonable. The thrust of her appeal is that the sentencing judge did not consider certain of her primary arguments that were "not so weak as not to merit discussion." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) ("We cannot have much confidence in the judge's considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion . . . . A judge who fails to mention a ground of recognized legal merit (provided it has a factual basis)

is likely to have committed an error or oversight."). Specifically, Poetz argues that the district judge abused his discretion by failing to address (1) the need to provide her with medical care in the most effective manner; (2) the adequacy of home confinement as an alternative to incarceration; and (3) the medical needs of her family.

We see no abuse of discretion here. The judge demonstrated his sensitivity to Poetz's medical issues—and those of her family—throughout the lengthy and much-delayed sentencing process. It is true that the judge did not explicitly mention the impact of incarceration on Poetz's family in his sentencing remarks, but the totality of the record establishes that the judge implicitly considered this issue in rejecting a sentence of home confinement. Poetz accuses the judge of giving short shrift to her medical and family-based arguments. To the contrary, however, the judge received voluminous evidence and listened carefully to her arguments about her unique medical issues and family circumstances and in the end imposed a short prison sentence significantly below the applicable guidelines range. As we will explain, under these circumstances *Cunningham*'s requirement that the district court specifically address the defendant's principal, potentially meritorious sentencing arguments applies with less force.

## A. Poetz's Medical Issues

The record in this case belies Poetz's contention that the judge did not adequately consider her medical needs.

Under 18 U.S.C. § 3553(a), the judge should consider (among other things) the need to provide the defendant with medical care in the "most effective manner." 18 U.S.C. § 3553(a)(2)(D). Section 5H1.4 of the guidelines explains that while a defendant's physical condition is not ordinarily relevant, an "extraordinary physical impairment" may be a reason for a below-guidelines sentence. U.S.S.G. § 5H1.4 (Policy Statement). Poetz presented abundant evidence of her medical infirmities to the court. She fails to acknowledge, however, the obvious care with which the court addressed her medical issues. Poetz's health problems took center stage during this protracted sentencing, and the judge imposed a sentence substantially below the applicable guidelines range largely *because of* her medical condition.

Significant to our analysis here, Poetz's sentencing took place over the course of more than a year and involved five separate hearings. The judge took an active role in gathering medical records and facilitating communication with the BOP regarding the appropriate level of care and whether the BOP could adequately meet Poetz's needs. At the final sentencing hearing, the judge acknowledged the "genuineness of [Poetz's] medical issues," and addressed the need for the BOP to provide the "appropriate levels and regimens of treatment" and to "monitor Ms. Poetz's issues" on an ongoing basis. Although judges may properly reject the BOP's boilerplate assurances that its facilities adequately provide for a defendant's medical care, *see United States v. Gee*, 226 F.3d 885, 902 (7th Cir. 2000), nothing prevents a judge from accepting the BOP's nonboilerplate assurances

of adequate care, especially where, as here, the BOP's medical staff has reviewed not one but two sets of the defendant's medical records. We conclude that the judge adequately considered Poetz's medical issues and the need to provide her with medical care in the "most effective manner."

## B. Home Confinement

The district judge did not abuse his discretion by sentencing Poetz to a below-guidelines period of incarceration instead of home detention. The judge explained that despite Poetz's medical issues, a period of incarceration was "fundamentally required" to promote respect for the law, provide for deterrence, and hold Poetz accountable for her breach of the trust placed in stewards of public funds. The judge did not need to mention home confinement explicitly because he made it clear why he believed imprisonment was necessary. Explanation is not necessary where "anyone acquainted with the facts would have known without being told why the judge had not accepted the argument." *Cunningham*, 429 F.3d at 679.

Poetz leans heavily on a policy statement of the guidelines providing that "extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. This statement suggests only that home confinement may be a cost-effective alternative to imprisonment for seriously infirm defendants. It does

not suggest that imprisonment is *never* appropriate for infirm defendants or that a judge abuses his discretion if he sentences a defendant with serious health problems to prison.[1]

## C.  Family Circumstances

We also reject Poetz's contention that the judge failed to consider the effect of incarceration on her family. We have previously recognized that a defendant's extraordinary family circumstances may constitute a legitimate basis for a below-guidelines sentence. *United States v. Schroeder*, 536 F.3d 746, 755-56 (7th Cir. 2008). *Schroeder*, however, did not address the issue of home confinement in lieu of prison,[2] and Poetz has not identified any case in which a below-guidelines prison sentence—or even a within-guidelines prison sentence—was held to be unreasonable because the court refused to impose a home-detention sentence based on

[1] Home detention is an imprisonment substitute and does not constitute imprisonment. *United States v. Elkins*, 176 F.3d 1016, 1020 (7th Cir. 1999).

[2] *Schroeder* is distinguishable on several grounds. The defendant in *Schroeder* had received the statutory maximum, and the judge mistakenly stated at sentencing that the effect incarceration would have on the defendant's family could not constitute a valid basis for imposing a lower sentence. 536 F.3d at 751-55. In addition, the sentencing judge in *Schroeder* improperly precluded defense counsel from contesting the loss calculation. *Id.* at 752-55.

family hardship. Instead, Poetz relies heavily on the commentary to U.S.S.G. § 5H1.6, which describes the circumstances under which a below-guidelines sentence (that is, a departure under the pre-*Booker* mandatory guidelines) *might* be appropriate based on a loss of family caretaking. The circumstances described in the commentary are carefully circumscribed, however.[3] In any event, nothing in the commentary to § 5H1.6 *requires* a court to credit a defendant's claim of family hardship due to loss of caretaking.

More importantly, the totality of the record here establishes that the district judge implicitly considered Poetz's argument relating to her family circumstances before rejecting her request for home detention. The presentence report contained detailed information about her family's reliance on her medical, financial, and psychological support. Poetz's father-in-law and husband both spoke at one of the sentencing hearings about their medical issues and their family's reliance on her care. In addition, the judge's sentencing remarks are peppered with references to her family. The judge said he had focused on medical issues "in [the] mind of the defendant and her family." He observed that despite her family's multiple health problems, Poetz had not used the stolen

---

[3] The commentary to § 5H1.6 specifies the following circumstances: a "substantial, direct, and specific loss of essential caretaking"; the loss of caretaking "substantially exceeds the harm ordinarily incident to incarceration"; and "no effective remedial or ameliorative programs reasonably are available." U.S.S.G. § 5H1.6 cmt. n.1(B).

funds "to provide for the medical care of others in her family unit." The judge also specifically said he had considered "the genuineness of the medical issues that she presents to her family" and "the defendant's personal characteristics." Though perhaps imprecise, these comments undermine Poetz's claim that the judge either overlooked or ignored her family-hardship argument.

We do not doubt Poetz's concern for her family's well-being during her imprisonment. But it is apparent from this record that the judge fully understood her argument on this point and implicitly considered and rejected it in imposing a lenient, below-guidelines term of imprisonment. Although we said in *Cunningham* that the sentencing court must address all defense arguments that are "not so weak as not to merit discussion," 429 F.3d at 679, this principle does not apply mechanically or without regard to context. *Cunningham* involved a within-guidelines sentence, and it was unclear whether the court had overlooked or ignored a potentially meritorious sentencing argument in declining to impose a below-guidelines sentence. *Id.* We suppose we could hypothesize a case in which a below-guidelines sentence might run afoul of *Cunningham*'s prescription to consider all of the defendant's primary, potentially meritorious sentencing arguments, but this is not such a case.

Here, the judge gave qualitative consideration to Poetz's sentencing arguments before rejecting her request for home confinement and imposing a prison sentence well below the applicable guidelines range. That Poetz disagrees with the weight the judge gave to her

evidence does not make her below-guidelines sentence unreasonable. *See United States v. Haskins*, 511 F.3d 688, 696 (7th Cir. 2007) ("Although Haskins disagrees with the district court's assessment of the circumstances surrounding the offense and the amount of weight to be given to his family situation, that does not in any way undermine the fact that the court gave meaningful consideration to the section 3553(a) factors, as required for us to uphold a properly calculated sentence." (citations and internal quotation marks omitted)).

AFFIRMED