NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted March 17, 2010
Decided March 18, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No.  09-2255

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08 CR 10102 |
| MICHAEL D. DUPOY, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Michael Dupoy pleaded guilty to one count of receiving child pornography.  *See* 18 U.S.C. § 2252A(a)(2).  His offense level and criminal history score would have yielded a guidelines imprisonment range of 360 months to life, but the statutory maximum for his crime was 20 years.  *See id*. § 2252A(b)(1).  The district court sentenced him to 220 months. The court imposed a below-range term based on Dupoy's assertion that he was molested as a child by his father, but the judge was unwilling to give him the 120-month term he requested.

Dupoy appeals his sentence, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Dupoy did not respond to counsel's motion.  *See* CIR. R. 51(b).  We limit our review to the potential

issues counsel explores in his facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).  Dupoy has not expressed a desire to challenge his guilty plea, so counsel does not examine whether the plea was voluntary or the plea colloquy was adequate.  *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel recognizes that it would be frivolous to argue that the district court committed procedural error at sentencing.  The court calculated the guidelines range correctly but did not treat it as mandatory.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The court addressed all of Dupoy's arguments for a lower sentence and also evaluated the sentencing factors outlined in 18 U.S.C. § 3553(a).  In analyzing the nature of Dupoy's offense and his personal characteristics, *see id*. § 3553(a)(1), the court noted that he possessed more than 1,500 images of child pornography and disseminated at least 700 images to other pedophiles, that he was enthusiastic about downloading images despite knowing it was illegal, that some of the images were egregious even in the context of child pornography, that he engaged in this conduct over an extended period of time, that the children depicted were victims, even if Dupoy did not have contact with them himself, that he claimed his father had physically and sexually abused him, and that he had a substantial criminal record.  The court also emphasized that its sentence had to protect the public from Dupoy. *See id*. § 3553(a)(2)(C).

Counsel next acknowledges that it would be frivolous for Dupoy to argue that his prison sentence is unreasonable.  Although the district court highlighted many aggravating factors, the court still imposed a sentence below the guidelines range, and we presume that sentence to be reasonable.  *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009); *United States v. Anderson*, 580 F.3d 639, 651 (7th Cir. 2009).  Given the district court's thoughtful application of the § 3553(a) factors, Dupoy cannot rebut that presumption.  *See United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.