NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 3, 2010
Decided April 14, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2669

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CR 334 |
| JERMEL POPE, | |
| *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Jermel Pope pleaded guilty to transporting a minor in interstate commerce while intending that she engage in prostitution, *see* 18 U.S.C. § 2421, and was sentenced to 100 months' imprisonment. He argues on appeal that his below-guidelines sentence is procedurally unsound because the district court did not adequately respond to his argument that he deserved an even lower sentence. Although he did not need to, the district court *did* respond to Pope's plea for leniency and granted it to a reasonable extent We affirm the judgment.

Pope's victim was only about 40 days shy of her eighteenth birthday when he picked her up at her parents' house in Wisconsin and drove her to Illinois to work as a prostitute. Pope photographed his victim in sexually explicit poses and posted those photographs on

the internet.  At least 20 men responded over a two-week period, and Pope arranged for them to receive sexual services from his victim in exchange for money.  The victim wrote Pope that she loved him; he replied that she must remain under his authority and warned her that he was very "controlling" and would "put a chain around [her] neck . . . if thats what have [sic] to be done."

Pope's sentencing exposure under the guidelines increased considerably because his victim was a minor.  The district court used U.S.S.G. § 2G1.3(a)(4) to set Pope's base offense level at 24.  The district court added two levels because Pope used a computer to solicit customers for his victim, *see* U.S.S.G. § 2G1.3(b)(3)(B), two more levels because the offense involved a commercial sex act, *see id.* § 2G1.3(b)(4)(B), and two additional levels because Pope played a supervisory role in the offense, *see id.* § 3B1.1(c).  Finally, the district court decreased Pope's offense level by three levels because he accepted responsibility.  *See* U.S.S.G. § 3E1.1(a).  Pope's offense level of 27 and his criminal history category of VI produced a guidelines range of 130 to 162 months' imprisonment, which was above the statutory maximum sentence of 120 months, *see* 18 U.S.C. § 2421.  The government wanted Pope sentenced to the statutory maximum.

Pope argued at sentencing that his guidelines range greatly overstated the seriousness of his offense; he requested a 46-month sentence instead.  Had he made his trip to Wisconsin a mere 40 days later, Pope maintained, his victim no longer would have been a minor, so the district court would have used U.S.S.G. § 2G1.1(a)(2) to set his base offense level at 14.  No adjustments would have been available under that guideline for Pope's use of a computer or because the offense involved a commercial sex act.  After factoring in his supervisory role and acceptance of responsibility, Pope's offense level probably would have been 13 and his guidelines range only 33 to 41 months.

The district court agreed with Pope that, in light of his victim's age and the sentencing consequences that followed, "a small adjustment" would be proper under 18 U.S.C. § 3553(a)(2)(A): "I am . . . aware that it was a month and a half, and it would have been a much less serious crime. That doesn't change the seriousness of the crime. It does seem to me that 3553 does provide some basis for making a small adjustment."  But the district court did not go as low as Pope requested.  Although Pope's victim was almost 18, the district court explained, her other characteristics enhanced the seriousness of Pope's offense. She was a "mentally abused," poorly educated "runaway" who had fallen "in love" with Pope, the district court observed, and Pope took advantage by threatening and exploiting her.  After reflecting on these competing considerations, the district court sentenced Pope to 100 months' imprisonment.

Pope argues on appeal that his sentence is procedurally unsound because the district court did not conduct a meaningful analysis of his request for a 46-month sentence in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a) and failed to explain why it chose a 100-month sentence instead. A district court should respond to a defendant's nonfrivolous argument for a below-guidelines sentence, although just how much explanation is required varies depending on the circumstances. *Rita v. United States*, 551 U.S. 338, 356-58 (2007); *United States v. Miranda*, 505 F.3d 785, 795-96 (7th Cir. 2007). Whether a defendant's sentence is procedurally sound is a question for de novo review. *United States v. Are*, 590 F.3d 499, 530 (7th Cir. 2009).

Despite his insistence otherwise, the district court *did* respond to his argument that he deserved a below-guidelines sentence. What is more, the district court actually granted his request to a reasonable extent by sentencing him below his guidelines range and below the statutory maximum.

The district court reached this conclusion by conducting a meaningful analysis of the § 3553(a) factors. At sentencing, Pope focused his argument on the specific statutory command that a sentence should adequately reflect the seriousness of the offense. After contemplating how that statutory goal applied to the facts of Pope's case, the district court granted Pope a below-guidelines sentence because his victim was almost 18. Pope's criticism that the district court neglected to mention all the § 3553(a) factors in checklist fashion is for naught because the statute does not require a mechanical run-through of each sentencing factor. *See United States v. Perez*, 581 F.3d 539, 548 (7th Cir. 2009).

The district court also adequately explained why it rejected Pope's proposed 46-month sentence and chose to sentence him to 100 months' imprisonment instead. Recognizing that Pope's guidelines range of 130 to 162 months would have plummeted to 33 to 41 months had the victim not been a scant 40 days away from her eighteenth birthday, the district court was nevertheless mindful that the sentencing guidelines express a special concern for commercial-sex offenders who prey on young, impressionable victims. *See* U.S.S.G. § 2G1.3. And looking closely at the relationship between Pope and his victim, the district court saw a manipulative man threatening and sexually exploiting a vulnerable girl who, although she was almost 18, was also a mentally abused, poorly educated, and desperate runaway. These considerations convinced the district court that the crime was

indeed serious—more serious than Pope's proposed sentence reflected—and that a 100-month sentence was warranted instead.[1]  The sentence was therefore procedurally sound.

Reading between the lines, Pope's real objection seems to be that his sentence is substantively unreasonable—that the district court's application of the § 3553(a) factors to the facts of his case was an abuse of discretion.  *See Are*, 590 F.3d at 530.  But Pope has not developed such a challenge.  Nor has he even attempted to surmount the presumption of reasonableness that attaches to a below-guidelines sentence.  *See United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009).

AFFIRMED.

---

[1]The government also asked the district court to take into consideration Pope's extensive criminal history, noting that, by the age of 23, he had "racked up 19 convictions and 17 criminal history points, a criminal history that normally would take someone a lifetime, if not more, to gather."