NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012
Decided November 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1299

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:11CR40056-001-JPG |
| ERIC L. LOWE, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Eric Lowe pleaded guilty to possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), after an employee at a computer-repair store discovered images of naked children on Lowe's laptop and contacted police. The district court sentenced Lowe to 60 months' imprisonment, below the guidelines range of 97 to 120 months. Lowe filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Lowe has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We note that counsel omits discussion about the change-of-plea hearing but does not say that Lowe, after consultation, elected to forgo any challenge to his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But we are convinced after reviewing the transcript of the plea colloquy that any challenge to the colloquy or the voluntariness of Lowe's guilty plea would be frivolous. *See Konczak*, 683 F.3d at 349. Lowe did not move to withdraw his guilty plea in the district court, so he would have to establish plain error to have it overturned on appeal. *See United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). During the plea colloquy the district court neglected to advise Lowe that he could be prosecuted for perjury if he lied under oath. *See* FED R. CRIM. P. 11(b)(1)(A). But that omission could not have harmed Lowe because no prosecution for perjury is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). And in any case, a plea colloquy is sufficient if it substantially complies with Rule 11, as this colloquy did. *See Konczak*, 683 F.3d at 349; *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997).

In her *Anders* submission, counsel considers whether Lowe could challenge his sentence but properly concludes that the possible arguments would be frivolous. Lowe did not object to the calculation of his guidelines range, and counsel has not identified any errors now. Lowe's below-range sentence is presumed reasonable, *see United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we agree with counsel that the record presents no basis to set that presumption aside. The district court thoroughly considered the sentencing factors in 18 U.S.C. § 3553(a), noting on one hand Lowe's lack of criminal history and a psychiatrist's opinion that his risk of recidivism was minimal, but on the other hand his possession of more than 2400 images of child pornography and the psychiatrist's diagnosis of pedophilia.

Counsel also considers a potential claim that her representation of Lowe at the sentencing hearing was constitutionally deficient. But counsel correctly concludes that an ineffective-assistance claim is best raised in a collateral proceeding under 28 U.S.C. § 2255, especially where, as here, the appellate lawyer who would raise the claim also represented the defendant in the district court. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.