NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013
Decided January 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-3254 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee,* | Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-CR-123 |
| | |
| CATRINA A. NELSON, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Catrina Nelson pleaded guilty to conspiring to distribute one kilogram or more of heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court calculated a guidelines range of 70 to 87 months, and the government moved for a sentence reduction on the basis of Nelson's substantial assistance in its prosecution of several other distributors. *See* U.S.S.G. § 5K1.1. The district court sentenced Nelson to 48 months' imprisonment. Nelson filed a notice of appeal, but her appointed attorney asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Nelson has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises us that Nelson does not wish to challenge her guilty plea, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first acknowledges that the district court used the wrong edition of the sentencing guidelines in calculating Nelson's imprisonment range but properly concludes that any challenge on that basis would be frivolous. Although the court used the 2009 manual when it should have used the 2010 edition, which was in effect when Nelson was sentenced, *see* 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Demaree*, 459 F.3d 791, 792 (7th Cir. 2006), the error was harmless because the relevant provisions were not amended by the 2010 guidelines, *see United States v. Vasquez*, 673 F.3d 680, 685 n.1 (7th Cir. 2012).

Next counsel considers whether Nelson could argue that the district court erred by not applying a two-level downward adjustment for her minor role in the conspiracy. *See* U.S.S.G. § 3B1.2(b). Nelson did not raise the issue before the district court, and so we would review for plain error. *United States v. Thi*, 692 F.3d 571, 573–74 (7th Cir. 2012). To qualify for a reduction under § 3B1.2(b), Nelson must be "substantially less culpable than the average participant" in the scheme. U.S.S.G. § 3B1.2 cmt. n.3(A); *see Thi*, 692 F.3d at 574; *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011). But as counsel points out, the district court adopted the PSR, which concluded that Nelson played an "integral" role in the conspiracy, and at sentencing emphasized Nelson's multiple trips out of town to purchase heroin, help in cutting and repackaging the heroin, and role in directly distributing it to customers. We agree with counsel that the district court did not plainly err by not granting Nelson the reduction.

Finally, counsel concludes that any challenge to the reasonableness of Nelson's sentence would be frivolous. Nelson's below-range sentence is presumed reasonable, *see United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we agree with counsel that the record presents no basis to set that presumption aside. The district court thoroughly considered the appropriate sentencing factors, noting on the one hand Nelson's lack of criminal history, medical issues, and relationship with her young daughter, but on the other hand the seriousness of the offense and her positive drug tests while on release. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.