NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018
Decided May 4, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 16-3892

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 543-1 |
| VICTOR MATA MADRIGAL, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Victor Mata Madrigal pleaded guilty to possessing cocaine with intent to distribute it, 21 U.S.C. § 841(a)(1), (b)(1)(A), and conspiring to distribute cocaine, *id.* § 846, and was sentenced to 276 months' imprisonment and a five-year term of supervised release. Madrigal filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Madrigal did not respond to counsel's motion. Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Madrigal is a Mexican national with no legal status in the United States. He and several codefendants, including his girlfriend Stephanie Arredondo, operated a drug trafficking organization in the Chicago area. The organization distributed wholesale quantities of illegal drugs, including an estimated 110 kilograms of cocaine. Madrigal was in charge of coordinating and supervising cocaine shipments to Michigan.

In April 2013 Madrigal was arrested and detained on immigration charges, but he continued to provide instructions to his codefendants through Arrendondo. Arredondo, who discovered she was pregnant with Madrigal's child the day of his arrest, collected debts and arranged drug trades at Madrigal's direction. Madrigal later pleaded guilty, and was sentenced to 276 months' imprisonment—below the recommended range of 360 months to life (based on an offense level of 39 and a criminal history category of VI).

In his *Anders* brief, counsel informs us that Madrigal does not wish to withdraw his guilty plea, and thus counsel appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Madrigal could argue that the district court erred in imposing an upward adjustment for knowingly involving a pregnant individual (his girlfriend) in the distribution of a controlled substance, *see* U.S.S.G. § 2D1.1(b)(15)(B)(iii). At sentencing Madrigal disputed the application of the adjustment because Arredondo "voluntarily and willingly" chose to participate in the drug trafficking organization. But counsel recognizes that raising this argument on appeal would be frivolous because it does not adhere to the text of § 2D1.1(b)(15)(B)(iii); there is no exception for women who want to engage in drug trafficking. Because Madrigal knew that his girlfriend was pregnant and still assigned her responsibilities in a narcotics trafficking organization, any challenge to the adjustment would be frivolous.

Counsel also addresses whether Madrigal could challenge the upward adjustment for his role as an organizer or leader of the drug conspiracy, *see* U.S.S.G. § 3B1.1(a), but correctly concludes that the challenge would be frivolous. In his plea agreement Madrigal stipulated to facts that identified his "leadership position" in the organization. Based on this admission, any challenge to the adjustment would be frivolous. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) (remarking that stipulation in plea agreement "removes all contest from the case").

Counsel next evaluates whether Madrigal could challenge the reasonableness of his sentence, but appropriately concludes that such a challenge would be frivolous. Madrigal's sentence is presumed reasonable because it is *below* the guidelines range, and we agree with counsel that the record presents no basis to disturb the presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). The court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including the nature of his crime (which resulted in "a lot of cocaine on the streets of Chicago"), his criminal history (additional drug convictions and illegal reentry into the United States), and possible sentencing disparities with his codefendants (reflecting his greater role in the drug organization and his extensive criminal history).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.