NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018
Decided August 30, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2664

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-CR-00463-2 |
| DEREK D. JACKSON, *Defendant-Appellant*. | Andrea R. Wood, *Judge*. |

**O R D E R**

A jury found Derek Jackson guilty of one count of mail fraud in connection with a scheme to defraud, 18 U.S.C. § 1341, and four counts of presenting false claims to the Internal Revenue Service, *id.* § 287. The district court sentenced him to 18 months' imprisonment and ordered him to pay $342,328.45 in restitution—money that he had obtained by filing false tax returns. Jackson filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Jackson has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the

subjects that she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014);
*United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Jackson could argue that the district judge erred
by admitting evidence of his co-schemers' conduct because, according to Jackson, he
did not know his three codefendants. But counsel appropriately concludes that the
argument would be pointless. Courts may admit against one defendant evidence of
another's actions in furtherance of a mail-fraud scheme, even if the two did not know
each other, "so long as the evidence established each defendant's own knowing
participation in the scheme." *United States v. Lanas*, 324 F.3d 894, 900 (7th Cir. 2003);
*see United States v. Adeniji*, 221 F.3d 1020, 1027 (7th Cir. 2000). During trial, the district
judge preliminarily admitted such evidence because it indicated that the defendants
were joined in a common scheme. The evidence consisted of the defendants' identical
submissions of false tax claims, their sharing of the tax refunds with Jackson, and their
similar practices of opening post office boxes and bank accounts to collect the refunds.
The judge revisited his preliminary ruling several times and correctly concluded that
the evidence was admissible because it proved that Jackson deliberately participated
with his codefendants in a common enterprise.

Moreover, even if the judge should not have admitted this evidence, it would be
frivolous to argue that its admission was harmful. Jackson benefitted from an
instruction that reminded the jury to consider each defendant separately and "to assess
each defendant's culpability based on his or her own actions." *Adeniji*, 221 F.3d at 1027.
That limiting instruction cured any risk of undue prejudice. *See United States v. Orlando*,
819 F.3d 1016, 1023 (7th Cir. 2016) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Counsel next considers whether Jackson could plausibly challenge certain jury
instructions. Jackson argued at trial that the word "scheme" should have been omitted
from several instructions, including one listing the charges in the indictment and
another defining a "scheme" under 18 U.S.C. § 1341. But counsel correctly states that
those challenges would be pointless on appeal because the district judge was
permissibly reciting the relevant statute to the jury, *see United States v. Lahey*, 55 F.3d
1289, 1297 (7th Cir. 1995), and properly stating the law when he defined a "scheme."
*See United States v. Dessart*, 823 F.3d 395, 404 (7th Cir. 2016); *see also United States
v. Fernandez*, 282 F.3d 500, 509 (7th Cir. 2002) (finding similar jury instruction proper).
Counsel also considers whether Jackson could reasonably object to the "multiplicity" of
charges in the instructions and verdict form, given that the indictment charged only two
crimes (mail fraud and misleading information). But such an argument would misread

the indictment. Although the indictment charged Jackson with violating only two laws, he and his codefendant were charged with doing so on eleven separate occasions, yielding eleven distinct counts. So any argument about multiplicity would be frivolous.

Counsel next addresses whether Jackson could raise arguments related to his status as a sovereign citizen. Jackson believes that he is immune from prosecution because he is entitled to collect money "in trust" simply because of his birth. He also believes that the district court lacked jurisdiction because he never entered a plea (though his standby counsel entered a plea of not guilty on his behalf). We agree with counsel that Jackson's immunity and jurisdiction arguments would be just as frivolous now as they were at trial. Jackson is a United States citizen charged with federal crimes, and his sovereign-citizen arguments would be "rejected summarily" if presented on appeal. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Jackson's lawyer also contemplates a challenge to the denial of Jackson's motion for acquittal and his motion for a new trial, but correctly concludes that any argument here would be pointless. These motions reprise Jackson's arguments that the court lacked jurisdiction and that the district judge erred in admitting evidence of his codefendants. We already have explained why these arguments would be frivolous to raise on appeal. They would not overcome the substantial burden of showing that the evidence was insufficient to sustain his conviction, *see* FED. R. CRIM. P. 29; *United States v. Jones*, 713 F.3d 336, 339 (7th Cir. 2013), or that it would be in the interest of justice to grant a new trial, *see* FED. R. CRIM. P. 33.

Lastly, counsel concludes that any argument challenging Jackson's sentence would be frivolous. Jackson's sentence is presumed reasonable because it is *below* the correctly-calculated guidelines range, and the record presents no basis to disturb that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). The court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including Jackson's refusal to accept responsibility, the nonviolent nature of his crime, and his lack of a criminal history.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.