**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 6, 2019
Decided October 10, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3361

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cr-00251-TWP-MJD-1 |
| JOSE ZAMUDIO, *Defendant-Appellant*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Jose Zamudio ran a drug trafficking and money laundering operation that distributed methamphetamine throughout the Indianapolis, Indiana area. An FBI investigation led to the arrest of at least eighteen individuals involved in the drug distribution conspiracy and the seizure of over seventy firearms, fifteen pounds of methamphetamine, smaller quantities of cocaine, heroin, and marijuana, and cash. Zamudio eventually pleaded guilty to four charges: (1) conspiracy to possess with intent to distribute and to distribute controlled substances, 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute methamphetamine on premises where children are present, 21 U.S.C. §§ 860(a) and 841(b)(1)(A); (3) possession of a firearm as

an illegal alien, 18 U.S.C. § 922(g)(5)(A); and (4) conspiracy to launder monetary instruments to promote unlawful activity, 18 U.S.C. § 1956. He was sentenced to a total term of 380 months in prison.

Zamudio appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Zamudio received his counsel's *Anders* brief but submitted no response, as he was given the opportunity to do under Circuit Rule 51(b). Counsel's brief explains the nature of the case and the issues that an appeal like this would likely involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discussed. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that he consulted with Zamudio and that Zamudio does not want to challenge his guilty plea. Thus, counsel appropriately avoids discussing the voluntariness of Zamudio's guilty plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether Zamudio could challenge the length of his sentence as unreasonable but correctly concludes that such an argument would be frivolous. Counsel explains that at sentencing neither party objected to the district court's Sentencing Guidelines calculation and that counsel cannot discern any basis to object on review. We, too, see no error. The district court correctly calculated a final offense level of 47, which was treated as an offense level of 43 because that is the highest level applied under the Guidelines, and a criminal history category of I. The resulting Guidelines range was life imprisonment. Zamudio received a below-Guidelines sentence, which counsel points out maintains a presumption of reasonableness. *See United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). We agree with counsel that there is no nonfrivolous argument to rebut that presumption. The judge properly addressed all Zamudio's arguments in mitigation and the sentencing factors in 18 U.S.C. § 3553(a). Specifically, the judge discussed Zamudio's personal history and characteristics, including his upbringing, family history, and lack of education, and his acceptance of responsibility, as reasons to impose the below-Guidelines sentence.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.