NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2020
Decided June 23, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2518

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:14-CR-00539(6) |
| MARIO HERRERA, *Defendant-Appellant*. | Andrea R. Wood, *Judge*. |

**O R D E R**

Mario Herrera entered an oral blind plea to one count of money laundering, 18 U.S.C. § 1956, and was sentenced to 60 months' imprisonment—below the recommended guidelines range of 70 to 87 months. On appeal, Herrera seeks to withdraw his plea, but his appointed counsel concludes that any argument he could make would be frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Herrera has not responded. *See* CIR. R. 51(b). Because Herrera told counsel that he wants his guilty plea set aside, counsel appropriately discusses possible challenges to the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*,

287 F.3d 667, 670–71 (7th Cir. 2002). Counsel also addresses whether Herrera could challenge his sentence. Because counsel's brief explains the nature of this case and addresses the types of issues that we would expect an appeal of this sort to involve, we limit our review to these issues that counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first questions whether Herrera could challenge the voluntariness of his guilty plea on grounds that he was not allowed to negotiate a written plea agreement with the government. Counsel appropriately concludes, however, that this challenge would be frivolous. As counsel explains, Herrera explicitly waived his right to a written plea agreement during his plea hearing. At that hearing, the district court took pains to make sure that Herrera understood that he was pleading guilty without the benefit of a written document in which the government set forth concessions or its position on particular issues. (Doc. 837, Guilty Plea Tr., at 15.) Nothing in the record suggests how Herrera's entering a blind plea, by itself, could constitute reversible error. *See United States v. Austin*, 907 F.3d 995, 996–99 (7th Cir. 2018) (upholding "oral blind plea" entered without written plea agreement).

Relatedly, counsel also properly concludes that any challenge to the adequacy of the plea colloquy would be frivolous. Because Herrera did not move in the district court to withdraw his plea, our review would be for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). As counsel notes, the district judge here substantially complied with the requirements of Federal Rule of Criminal Procedure 11(b). *See Konczak*, 683 F.3d at 349. The judge did omit one requirement of the Rule 11 colloquy—that the defendant be informed of the court's authority to order restitution, *see* FED. R. CRIM. P. 11(b)(1)(K)—but no restitution order was anticipated, so any challenge of this omission would be futile.

Counsel then considers and rightly rejects any potential challenge to Herrera's sentence. Counsel explains that the district judge correctly calculated the guidelines and properly discussed the relevant 18 U.S.C. § 3553(a) sentencing factors, among them the seriousness of the offense (a 60-month sentence "recognizes the large amount of drugs and money for which he was responsible"), Herrera's personal history and characteristics ("his challenging life in his home country" and his intent here to "make a living … [to] support himself and be able to eat"), and the need for deterrence ("it's important that people who are in a position of potentially getting involved in doing work for these drug-trafficking organizations understand the consequences"). *See Gall v. United States*, 552 U.S. 38, 51 (2007). (Doc. 838, Sent. Tr., at 135–37.) The judge also

considered Herrera's principal arguments in mitigation, such as his life in poverty, his lack of education, and his low criminal history category. *See United States v. Modjewski*, 783 F.3d 645, 654 (7th Cir. 2015). (Doc. 838, Sent. Tr., at 134–35.) Herrera received a below-guidelines sentence, which we would presume to be reasonable, *see United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009), and counsel cannot identify anything in the record that possibly could rebut this presumption.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.