NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3541
_____

UNITED STATES OF AMERICA

v.

LOUIS F. PETROSSI,
                    Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-17-cr-0192-001)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2021

Before:  AMBRO, JORDAN, and RENDELL, *Circuit Judges*

(Opinion Filed:  November 18, 2021)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Louis Petrossi appeals the District Court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We will affirm.

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I.     BACKGROUND

In 2018, a jury in the United States District Court for the Middle District of Pennsylvania convicted Petrossi of one count each of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17; and wire fraud, in violation of 18 U.S.C. § 1343. When he committed those offenses, Petrossi was on pre-trial release in connection with charges pending in the United States District Court for the Eastern District of New York ("E.D.N.Y."). He was ultimately convicted in those proceedings and sentenced to forty-four months' imprisonment for securities fraud, conspiracy to commit securities fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering. The District Court here sentenced Petrossi to 100 months in prison to run concurrently with his E.D.N.Y. sentence. It also imposed an enhanced penalty pursuant to 18 U.S.C. § 3147(1) of one additional day per count because Petrossi committed his offenses while on pre-trial release. The sentence reflected a fifty-one-month variance below the minimum sentence suggested for Petrossi under the United States Sentencing Guidelines, to account for his advanced age and health concerns.

In 2020, Petrossi made three separate requests for compassionate release for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A).[1] In his first two motions, the then-79-year-old Petrossi argued that his age, as well as his leukemia

---

[1] Petrossi did not appeal either of the District Court's denials of his first two motions, nor does he challenge those denials in this appeal. Petrossi did appeal the Court's order holding his first motion in abeyance while he exhausted administrative remedies. We dismissed that appeal as moot after the exhaustion process concluded.

2

and heart and lung conditions, put him at high risk for COVID-19 complications. The District Court denied both motions, finding that any risk of infection was outweighed by the "aggravating nature" of Petrossi's crimes, the significant downward variance from the Guidelines range already reflected in his sentence, and the fact that the Bureau of Prisons ("BOP") was "well equipped to meet Petrossi's medical needs." (District Court Dkt. No. 150 at 11, 14-17; District Court Dkt. No. 153.)

In November 2020, Petrossi contracted COVID-19. He then filed a third motion for compassionate release in December 2020, based on both his then-recent diagnosis and his underlying medical conditions. In support, he submitted a letter from Dr. John R. Filip, who reviewed Petrossi's records and opined that Petrossi had an "extremely low" chance of survival due to his ailments and "lack of follow up cardiac care in prison." (District Court Dkt. No. 157-1 at 1-3.)

At an emergency hearing, the District Court heard testimony from Jennifer Wrede, a BOP attorney at FCI Terre Haute, the federal prison in Indiana where Petrossi is serving his sentence. Wrede reported that Petrossi was largely asymptomatic for COVID-19. She further testified that FCI Terre Haute was equipped to provide medical care to inmates like Petrossi with advanced healthcare needs. Wrede also stated that a cardiologist had recommended Petrossi for an aortic valve replacement, a "fairly common" treatment with which the BOP had experience. (App. at 21-23.) She explained that the facility would send Petrossi to an outside (i.e., not prison-employed) doctor for the procedure, as it did regularly when inmates needed specialized care.

3

The District Court denied Petrossi's motion. Under the heading "FACTORS CONSIDERED," it cited Wrede's testimony that Petrossi "has not reported any symptoms" of COVID-19 and that his "other medical conditions are also being monitored and treated by BOP staff and outside providers; that he needs an aortic valve replacement which will be scheduled with an outside surgeon; and that the BOP can continue to provide adequate care for him[.]" (App. at 6.) While the Court noted that "[w]hether these [were] extraordinary and compelling circumstances [was] a close call," it said that it would deny the motion even if they were. (App. at 6.) The Court remarked that Petrossi "inflicted serious financial harm" of more than $5 million on his victims – all while on pre-trial release for other similar crimes. (App. at 6.) It also observed that Petrossi had served only twenty-five months of his 100-month sentence, "which already reflects a 51-month variance below the bottom of the Guidelines range to account for his age and health." (App. at 6.) Granting Petrossi's motion, the Court noted, would effectively result in a variance of more than 80% below the Guidelines range. The Court thus concluded that releasing Petrossi "simply would not meet the goals of sentencing, in particular, the need to provide just punishment and reflect the seriousness of the offense." (App. at 6.) This appeal followed.

## II. DISCUSSION[2]

On appeal, Petrossi argues that the District Court "fail[ed] to determine whether the BOP could provide [him] with needed 'medical care … in the most effective manner' under [18 U.S.C.] § 3553(a)(2)(D)." (Opening Br. at 7.) Even if we assume that Petrossi meets the "extraordinary and compelling reasons" prerequisite for receiving relief under § 3582(c)(1)(A), we discern no error here.

It is true that "a district court must 'consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable[,]'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (alterations in original) (quoting § 3582(c)(1)(A)), but there is no indication that the District Court failed to do so. On the contrary, at the hearing on Petrossi's motion, the Court heard from and posed questions to Wrede about FCI Terre Haute's ability to provide care to Petrossi for his medical conditions. In its decision, the Court relied on that testimony, particularly that the BOP, in conjunction with outside providers, could continue to provide Petrossi with adequate medical care. The Court's questioning and decision make clear that it sufficiently considered Petrossi's needed medical care under § 3553(a)(2)(D). *See United States v. Poetz*, 582 F.3d 835, 837-38 (7th Cir. 2009) (district court "adequately considered [defendant's] medical issues and the need to provide her with medical care in the 'most effective manner'" when it "accept[ed] the BOP's nonboilerplate assurances of adequate care").

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

The Court also fulfilled its responsibility by considering the other relevant § 3553(a) factors – namely, the need for the sentence "to reflect the seriousness of the offense" and "to provide just punishment."  18 U.S.C. § 3553(a)(2)(A).  It noted that Petrossi had caused "serious financial harm [to] multiple victims" while on pre-trial release and that he had already received a significant downward variance at sentencing to account for his age and health.  (App. at 6.)  On that record, it was well within the Court's discretion to deny Petrossi's motion.  *See United States v. Pupo*, 995 F.3d 23, 30-31 (1st Cir. 2021) (district court satisfied § 3553(a)(2)(D) by "weigh[ing] [defendant's medical] needs with the need to protect society from further criminal activity and arriv[ing] at a plausible result").

"Courts wield considerable discretion in compassionate-release cases, and we will not disturb a court's determination unless we are left with a 'definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"  *United States v. Andrews*, 12 F.4th 255, 262 (3d Cir. 2021) (quoting *Pawlowski*, 967 F.3d at 330).  There was no clear error of judgment here.

III.    CONCLUSION

The District Court did not abuse its discretion in assessing the § 3553(a) factors. We will therefore affirm.

6